## CASON v. UNITED REALTY AND AUCTION COMPANY.

1. In view of the admission in the defendant's answer, the motion to set aside the judgment, on the ground that the description, in the plaintiff's petition, of the property sued for was too indefinite to support the verdict and judgment, is not meritorious.
2. The prayers of the petition were sufficient for the relief sought.
3. The verdict, construed in connection with the pleadings, was sufficient as against the motion to set aside the judgment.
4. The description of land in the judgment, construed in connection with the petition and the admission in the answer, was sufficient as against the motion to set aside the judgment.
5. The judgment substantially followed the verdict construed in connection with the pleadings.
6. The criticism that the judgment interpolated language unauthorized by the plaintiff's pleading is not sustained by the record.
7. The motion to set aside was rightly overruled.

No. 4966. DECEMBER 16, 1925.

Equitable petition. Before Judge J. B. Jones. Habersham superior court. April 4, 1925.

*J. C. & H. E. Edwards,* for plaintiff in error.

*Luther Roberts,* contra.

The proceeding originated in a suit brought by United Realty & Auction Co. against Cason, to cancel a sheriff's deed and for

Judgments 33 C. J. pp. 1134, n. 1; 1144, n. 79; 1145, n. 86; 1169, n. 36; 1170, n. 37; 1210, n. 25.

writ of possession to property which Cason had acquired by virtue of a sale under an execution for taxes issued against G. M. Sims, upon payment by petitioner of the amount required to redeem; the right of petitioner having been acquired by virtue of the sale of the land to it under a power contained in a security deed made by Sims. The trial of this case resulted in favor of the plaintiff. On the overruling of the motion for a new trial the defendant excepted and brought the case to this court, where the judgment of the trial court was affirmed. *Cason* v. *United Realty & Auction Co.,* 158 *Ga.* 584 (123 S. E. 894). Thereupon the defendant filed a motion to set aside the judgment. The present exception is to the overruling of that motion. The original petition described the land as "All that tract or parcel of land lying and being in Habersham County, Georgia, and in the City of Demorest; the northeast portion of lot No. 12 in block No. 16 of the City of Demorest, according to the survey of said town made by John A. Reynolds, and more fully described in a deed from G. W. Cason to George Sims, dated February 23, 1918, and recorded in the office of the clerk of the superior court of Habersham County, Georgia, in record of deeds book A-5, page 234." In answer to the second paragraph of the petition the defendant avers that he "is in possession of a certain tract of land fully described in a deed from J. C. Grant, sheriff of said county, to George H. Cason, and also in a deed from George W. Cason to George M. Sims, recorded in the office of the clerk of the superior court of said County in deed record book 'A-5', page ...., which defendant presumes is the same land referred to in said paragraph No. 2." The judgment described the property as "A certain lot of land, with improvements thereon consisting of a two-story framed dwelling, in the town of Demorest, said county, as follows: 'All that tract or parcel of land lying and being in Habersham County, Georgia, and in the City of Demorest; the northeast portion of lot No. 12 in block 16 of the City of Demorest, according to the survey of said town made by John A. Reynolds, and more fully described in a deed from G. W. Cason to George Sims, dated Feb. 23, 1918, and recorded in the office of the clerk of the superior court of Habersham County, Georgia, in record of deeds book A-5, page 234. Said lot has a framed dwelling on the same."

GILBERT, J. 1. It appears from the description of the land contained in the plaintiff's petition, as quoted in the statement of facts, that the land was imperfectly described as the northeast "portion" of lot No. 12, etc., and also as being "more fully" described in a deed from G. W. Cason to George Sims, of given date and recorded in the office of the clerk of the superior court. The answer of the defendant admits that he is in possession of a certain tract of land *fully* (italics ours) described in a deed from Grant, sheriff, to George H. Cason, and also in a deed from George W. Cason to George M. Sims, "which defendant presumes is the same land referred to in said paragraph No. 2" of the petition. This part of the answer must be construed by this court as meaning that the land sued for is "fully" described in the deed from Cason to Sims, and is the same land referred to in the second paragraph of plaintiff's petition. With this admission in the answer of the defendant, the motion to set aside the judgment on the ground that the description of the property was too vague and uncertain to support the verdict and judgment is without merit.

2. There was no error in refusing to set aside the judgment for the reasons stated in the second ground of the motion, to wit, because "there is no specific or general prayer in the original petition or the amendment thereto praying for the recovery of the premises." The action was to recover, during the period allowed for redemption, land which the petitioner claimed it had acquired by virtue of a sale under a power of sale contained in a security deed from G. M. Sims, the defendant Cason having acquired the same land by virtue of a sale under a tax execution issued against Sims. The petitioner prayed: (1) that the defendant be required to execute a quitclaim deed to the property; (2) that defendant be required to surrender the sheriff's deed for cancellation; (3) that petitioner be put in the quiet and lawful possession of the premises; (4) for rents and profits; (5) for process. These prayers were sufficient for the relief sought.

3. The third ground of the motion is that the verdict did not authorize the judgment and decree of the court rendered, especially that part for the recovery of the premises in favor of the plaintiff. The verdict, construed in connection with the pleadings, was sufficient, as against the motion to set aside.

4. The fourth ground of the motion is that the judgment ren-

dered in the case "does not with sufficient certainty describe the land as would enable the sheriff to locate the land and premises and put the plaintiff in possession thereof." The description contained in the judgment, as quoted in the statement of facts, construed in connection with the plaintiff's petition and the averment in the defendant's answer, was sufficient as against the motion to set aside the judgment. Defendant's answer will be construed as an admission that he is in possession of the land sued for, and that it is fully described in the deed from Cason to Sims.

5. The fifth ground of the motion complains that the judgment does not follow the verdict rendered and entered up in said case, and does not follow the plaintiff's pleadings. The description of the land contained in the judgment substantially follows the description contained in the pleadings. The variance will be dealt with in the next succeeding paragraph. The verdict of the jury is as follows: "We the jury find verdict in favor of the plaintiff, and that defendant deed be canceled on payment of one hundred & ten dollars by the plaintiff." The intendment of this verdict is to restore to the plaintiff the land described in the pleadings, and the judgment substantially followed the verdict, construed in connection with the pleadings.

6. The sixth ground of the motion to set aside complains that the court in rendering the judgment "interpolated certain language therein that is not authorized by plaintiff's pleading in said case, by adding and interpolating therein the following words of description, to wit: 'A certain lot of land with improvements thereon consisting of a two-story frame dwelling in the Town of Demorest, said county, as follows'; also the following words, 'said lot has a framed dwelling on same.' It will be observed that paragraph 2 of the petition alleges that "the said George H. Cason is in possession of a certain lot of land with improvements thereon, consisting of a two-story frame dwelling in the town of Demorest, said county, described as follows." Then follows the allegation as to a description of the land. Therefore the criticism that the judgment interpolated language unauthorized is not sustained by the record.

7. The court did not err in overruling the motion to set aside the judgment. *Judgment affirmed. All the Justices concur, except Beck, P. J., disqualified.*